STATE OF LOUISIANA                    NO. 24-KH-541

VERSUS                                FIFTH CIRCUIT

ERIC RICHARDSON                       COURT OF APPEAL

                                      STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

December 06, 2024

Linda Wiseman
First Deputy Clerk

IN RE ERIC RICHARDSON

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT,
PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE
JUNE B. DARENSBURG, DIVISION "C", NUMBER 16-6969

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Timothy S. Marcel

**WRIT DENIED**

Relator, Eric Richardson, seeks review of the trial court's July 19, 2024 ruling denying his application for post-conviction relief (APCR).  For the following reasons, we deny relator's writ application.

On April 18, 2018, after a bench trial, relator was found guilty of possession of cocaine between twenty-eight and two hundred grams (count one), possession with intent to distribute methamphetamine (count two), possession with intent to distribute heroin (count three), possession of Tramadol (count four), and possession of Diazepam (count five).  On May 22, 2018, the trial court sentenced relator to concurrent terms of fifteen years imprisonment at hard labor on each of counts one and two, twenty years imprisonment at hard labor on count three, and five years imprisonment at hard labor on each of counts four and five.

On the same date that the trial court imposed the sentences, the State filed a multiple offender bill of information as to count three, alleging relator to be a second-felony offender.  Relator stipulated to his second offender status pursuant to a plea agreement.  The trial court then vacated its sentence on count three and resentenced him to twenty-five years imprisonment at hard labor without benefit of probation or suspension of sentence, to be served concurrently with the four original counts.  Relator's convictions and sentences were affirmed by this Court on September 4, 2019. *State v. Richardson*, 18-717 (La. App. 5 Cir. 9/4/19), 279 So.3d 501, *writ denied,* 19-1722 (La. 7/2/20), 297 So.3d 764.

24-KH-541                             1

Relator filed a second or subsequent APCR with the district court on July 16, 2024. In it, relator made a claim of "actual innocence" based on the trial court's erroneous denial of his motion to suppress the evidence and counsel's ineffectiveness for failing to ensure that the trial court conducted a preliminary examination. On July 19, 2024, the district court denied relief, first finding: "None of the allegations point to errors that are newly discovered." The district court further found that relator's APCR was procedurally barred and meritless on grounds that it was repetitive and successive under La. C.Cr.P. art 930.4, failed to provide proper specificity as required by La. C.Cr.P. art. 930.3, failed to meet the burden of proof as mandated by La. C.Cr.P. art. 930.2, and was untimely under La. C.Cr.P. art. 930.8.

In his writ application, relator contends that the district court erred in failing to address the merits of his "actual innocence" claims. As an initial matter, to the extent that relator argues that his claims warrant relief as a claim of actual innocence, this Court has found "that the exclusive grounds to raise a factual/actual innocence claim not based on DNA evidence is pursuant to La. C.Cr.P. art. 926.2. *State ex rel. Stevenson v. State*, 22-KH-299 (La. App. 5 Cir. 7/29/22) (unpublished writ disposition), *writ denied*, 22-1319 (La. 11/1/22), 349 So.3d 1. In the instant application, relator makes no reference to La. C.Cr.P. art. 926.2 in making his "actual innocence" claim. Further, based on the issues raised by relator, i.e., erroneous denial of his motion to suppress and ineffective assistance of counsel which pertain to actual innocence, it does not appear he would meet the statute's requirements. We find the trial court did not err in finding that none of the allegations in his APCR point to errors that are newly discovered.

Additionally, relator's claim of "new facts" does not meet the exception for newly discovered evidence under La. C.Cr.P. art. 930.8(A)(1). This article permits a defendant to file an APCR more than two years after his conviction and sentence become final where "[t]he application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his prior attorneys." In support of his APCR claim challenging his arrest and search of his residence, relator presents the arrest report, the probable cause affidavit from his case, and an excerpt of the transcript from the hearing on his motion to suppress which challenged the search of his residence. With respect to his claim of ineffective assistance of counsel, he submits a copy of the trial court's order stating the preliminary examination was set for December 15, 2016. Given that these documents were contained in his trial record, relator has not shown how these documents qualify as newly discovered evidence. *See* La. C.Cr.P. art. 930.2.

Moreover, on appeal, relator raised a *pro se* assignment of error arguing that the trial court erred by denying his motion to suppress evidence, which this Court found was without merit. *See Richardson*, 279 So. 3d at 509–12.

In this writ application, relator has added nothing new to the argument that has been previously deemed meritless by this Court. *See* La. C.Cr.P. art. 930.4(A). As such, his instant claim challenging the trial court's denial of his motion to suppress is repetitive.

Consequently, we find that relator's claims, lacking support as a claim of factual/actual innocence, are untimely given that relator's convictions and sentences became final in 2020. *See* La. C.Cr.P. art. 930.8(A), which provides in

24-KH-541

pertinent part: "No application for post-conviction relief including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final."

Based on the foregoing, this writ application is denied.

Gretna, Louisiana, this 6th day of December, 2024.

**TSM**
**SMC**
**SJW**

24-KH-541

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **12/06/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-KH-541**

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable June B. Darensburg (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Eric Richardson #125418 (Relator)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426